29 C.C.P.A.(Patents)

## In re B. MANISCHEWITZ CO
### Patent Appeals No. 4545.

Court of Customs and Patent Appeals.

Dec. 1, 1941.

Murray, Sackhoff & Paddack, of Cincinnati, Ohio, for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents affirming that of the Examiner of Trade-marks rejecting appellant's application for registration of a mark for use on crackers or biscuits, which mark as described in the brief on behalf of appellant, consists of "a blue colored, six-pointed star having therebeneath, on a diagonal line, the words 'Star Of Them All.'" The application was filed February 25, 1939.

The rejection was based upon a registration, issued February 22, 1938 (trademark No. 354,685), upon an application filed December 15, 1934, of a mark which is described in the decision of the commissioner as "a large five-pointed star, above which is a scroll bearing the words 'Star Biscuits,' and below which is a similar scroll bearing the words 'of America Inc.'"

In the course of the decision the commissioner said: "I agree with the examiner that 'the goods of each party are likely to be known as "Star" biscuits,' and it seems to me that confusion would inevitably result from the concurrent use of these two marks."

We are in agreement with the above finding.

The only question before us is the statutory right of appellant to register under the Trade-Mark Registration Act of 1905, as amended. Section 5 of that act, 15 U.S.C.A. § 85(b), contains the following:

"Provided, That trade-marks which are identical with a registered or known trademark owned and in use by another and appropriated to merchandise of the same descriptive properties, or which *so nearly resemble* a registered or known trademark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers *shall not be registered.*" (Italics supplied.)

The goods of applicant, as named in the application, are identical with the goods named in the registration upon which the rejection was based. The respective marks are not identical. Applicant's mark embraces as one of its features a representation of a six-pointed star, colored blue, while the star symbol in the registered mark is five-pointed and apparently is white upon a five-pointed black background. The word notations which accompany the respective marks also differ, but the word "Star" is a very conspicuous feature of both.

The deduction of the tribunals of the Patent Office to the effect that the goods of both parties are likely to be known as "Star Biscuits" seems to us to be reasonable and natural, and it is our view that confusion as to origin would be highly probable.

642

It is argued on behalf of appellant that there is such a widespread use of star trade-marks that no one is entitled to broad rights thereunder and "he who adopts a star trade-mark and sufficiently distinguishes it from prior marks, is entitled to protection." In connection with this argument several cases involving questions of infringement are cited, and it is urged, in effect, that there is no "valid reason for the wide discrepancy between the decisions of courts relating to infringement and the decisions of this court relative to registration."

We have frequently had occasion to point out the distinction between proceedings in equity involving the right to use a mark, and the right to register under the plain terms of the statute. See Richard Hellman, Inc., v. Oakford & Fahnestock, 54 F.2d 423, 19 C.C.P.A., Patents, 816, and cases therein cited. It is deemed unnecessary to repeat here what so often has been said upon this subject.

Another argument on behalf of appellant is to the effect that it is the owner of prior registrations of marks claimed to be similar to the mark of the application, and that this "should resolve any doubt in applicant's favor." Three of the marks cited in this connection appear to have been registered before the registration of trade-mark No. 354,685 upon which the rejection of the mark here involved was based. They so differ as to both their symbolic and word features from trade-mark No. 354,685 that we can readily understand why registration of the latter was granted despite them. The fourth registration (trade-mark No. 371,161) was granted September 19, 1939, upon an application filed February 25, 1939, subsequent to the registration of No. 354,685. It consists of a six-pointed star, apparently colored blue, having below it an inscription in Hebrew characters, the English translation of which, according to the statement in the commissioner's decision, is "The Aristrocrat of the Family."

Whether registration No. 371,161 should have been granted in view of registration No. 354,685, is not a matter of concern here. The record does not disclose any opposition to it and, incidentally, it may be said that the record does not disclose any opposition to the registration involved in No. 354,685, nor any effort to have it cancelled.

However that may be, it is unnecessary to consider here appellant's theory respecting its rights growing out of its earlier registrations. It invokes them only in support of the contention that they should "resolve any doubt" in its favor, thus, we suppose, attempting to contravene the usual rule that a question of doubt should be resolved against a newcomer. It is unnecessary for us to consider this question because, as we view the situation here, there is no question of doubt respecting the likelihood of confusion as to origin to be resolved one way or the other.

The decision of the commissioner is affirmed.

Affirmed.